Filed 4/11/23  P. v. Germono CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ODELL GERMONO,<br><br>Defendant and Appellant. | H049779<br>(Santa Clara County<br>Super. Ct. Nos. C1902145<br>C1910459) |

Defendant Michael Odell Germono appeals from judgments entered after conviction by no contest pleas.  Appointed counsel for Germono has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Germono was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Germono, we affirm the judgments.

## I.  FACTS AND PROCEDURAL BACKGROUND

A.  *Docket No. C1902145*

On January 27, 2019, a police officer pulled Germono over for a Vehicle Code violation.  As the officer approached Germono's car, he smelled a strong odor of burnt cannabis emanating from it.  When searching Germono and his car, the officer found, among other things, two digital scales, a 9mm semiautomatic handgun with 13 rounds in

its magazine, cocaine inside a pill container, an open container of cannabis, a gold ring, and a driver's license belonging to someone other than Germono.

On January 29, 2020, the Santa Clara County District Attorney filed an information charging Germono with unlawful possession of controlled substances while armed with a loaded firearm (Health & Saf. Code, § 11370.1 subd. (a); count 1), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1);[1] count 2), carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1); count 3), and carrying a loaded firearm on his person or in a vehicle when having been convicted of a felony (§ 25850, subd. (a); count 4). The information further alleged that Germono had a strike prior (§§ 667, subds. (b)–(i), 1170.12).

On May 20, 2021, Germono's defense counsel requested an order for appointment of a doctor to conduct a psychiatric evaluation of Germono. The trial court granted that request.

On December 15, 2021, pursuant to a written plea agreement, Germono pleaded no contest to count 1 and admitted the strike prior allegation on condition that the remaining counts would be dismissed and he would be sentenced to serve six years in prison concurrently with any sentence imposed in docket No. C1910459 (based on a stipulation that the offenses involved the same set of operative facts).

On January 6, 2022, Germono withdrew his admission to the strike prior allegation, and that allegation was designated for dismissal at Germono's impending sentencing.

On January 25, 2022, the trial court sentenced Germono on count 1 to the midterm of three years in prison, to be served concurrently with the sentence imposed in docket No. C1910459. The court awarded credits for time served. The court dismissed counts 2, 3, and 4 and the strike prior allegation.

---

[1] Unspecified statutory references are to the Penal Code.

Germono filed a notice of appeal.

B. *Case No. C1910459*[2]

During the early morning of April 1, 2019, 15-year-old Dat N. (Dat) entered a 7-Eleven store and threatened to shoot the clerk if he did not give Dat the money in the cash register. The clerk threw about $170 to $200 onto the counter. Dat grabbed the money, left the store, and entered the front passenger seat of a vehicle. About an hour later, Dat entered another 7-Eleven store, pointed a firearm at the clerk, and threatened to shoot the clerk if he did not give Dat money. The clerk opened the cash register, and Dat grabbed an unknown amount of money. Dat ran out of the store and entered a waiting vehicle. Less than an hour later, Dat walked into another 7-Eleven store, pointed a handgun at the clerk, and demanded money or he would shoot. The clerk opened the register and gave Dat about $380. Dat ran out of the store.

Late at night on April 2, 2019, Dat entered a 7-Eleven store, pointed a handgun at the clerk, and demanded money. The clerk placed the cash register drawer on the counter. Dat took an unknown amount of money and ran out of the store and into a waiting vehicle.

On April 4, 2019, police took Dat into custody. Dat's cell phone records placed him at the scene of all the robberies, and Germono's phone number was one that Dat called frequently. Additionally, Germono's cell phone records corroborated that he was with Dat during the robberies.

On May 17, 2019, police took Germono into custody. Three days later, police searched his residence and found an unloaded .380 semiautomatic pistol and a loaded

---

[2] Before the court held a preliminary hearing in docket No. C1910459, that matter was consolidated with a previously filed matter, docket No. C1910233. Upon consolidation, the district attorney filed a first amended felony complaint in C1910459 that realleged certain charges from C1910233 and added other counts. After the preliminary hearing, the district attorney filed an information bearing only the docket No. C1910459, and subsequent proceedings occurred under only that docket number.

9mm semiautomatic pistol that belonged to the San Jose Police Department and had been stolen from an officer's home in 2018.

On February 5, 2020, the district attorney filed an information charging Germono with five counts of second degree robbery (§ 212.5, subd. (c); counts 1, 3, & 5–7), two counts of attempted second degree robbery (§§ 664, 212.5, subd. (c); counts 2 & 4), two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 8 & 9), and possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 10). The information further alleged that Germono had a strike prior (§§ 667, subds. (b)–(i), 1170.12) and a serious felony prior conviction (§ 667, subd. (a)).

On May 20, 2021, Germono's defense counsel requested an order for appointment of a doctor to conduct a psychiatric evaluation of Germono. The trial court granted that request.

On December 15, 2021, pursuant to a written plea agreement, Germono pleaded no contest to counts 1, 3, 5, and 6 and admitted the strike prior on condition that the remaining counts and allegation would be dismissed and he would be sentenced to a 10-year prison term. The agreement included a concurrent sentence in docket No. C1902145.

On January 25, 2022, the trial court sentenced Germono on count 1 to the lower term of four years and consecutive terms of two years for each of counts 3, 5, and 6, for a total of 10 years in state prison. The court awarded credits for time served on count 1 and ordered Germono to pay $450 in victim restitution and a $300 restitution fine. The court dismissed the remaining counts and the serious felony prior conviction allegation.

Germono filed a notice of appeal and an amended notice of appeal.

## II. DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Having undertaken an examination of the entire record, we

4

find no arguable error that would result in a disposition more favorable to Germono. We therefore affirm the judgments.

### III. DISPOSITION

The judgments are affirmed.

_____
                                    Danner, J.

WE CONCUR:


_____
Greenwood, P.J.


_____
Bromberg, J.


**H049779**
*People v. Germono*